IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    Plaintiff,

vs.                                                                                                         No. CV 20-00401 KWR/LF

WARDEN GALLEGOS, CAPT. WORNELL,
SGT. MACIAS, and OFC. HAYES,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(g) on the Complaint for Violation of Civil Rights filed by Plaintiff Loydale Kirven on April 27, 2020 (Doc. 1). The Court denied Plaintiff Loydale Kirven leave to proceed *in forma pauperis* and, on May 17, 2020, ordered Kirven to pay the $400.00 filing fee within 30 days. (Doc. 3). Kirven has not paid the filing fee and the Court will dismiss this proceeding without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with a Court Order and failure to prosecute.

Plaintiff Kirven is currently a pretrial detainee incarcerated at the Curry County Detention Center. (Doc. 1 at 1). Kirven has served multiple state criminal sentences, is a frequent litigator, and is well-known to this Court. Actions filed by Kirven include:

*Kirven v. Curry County Detention Center,* CV 06-01212 JB/WDS
*Kirven v. McIlwain,* CV 07-00958 JB/CG
*Kirven v. Romero,* CV 08-00187 WJ/RLP
*Kirven v. Central New Mexico Correctional Facility,* CV 08-00878 RB/ACT
*Kirven v. Curry County Sheriff's Department,* CV 12-01277 RB/CG
*Kirven v. Central New Mexico Correctional Facility,* CV 13-00217 MCA/SMV
*Kirven v. Sandoval,* CV 14-00209 KG/RHS
*Kirven v. Curry County Detention Center,* CV 15-00080 JB/KK
*Kirven v. Garret,* CV 16-01110 JCH/KRS
*Kirven v. Hollis,* CV 16-01162 MV/SMV
*Kirven v. Garcia,* CV 16-01333 RB/GJF

*Kirven v. Maples*, CV 16-01361 KG/LF
*Kirven v. CYFD*, CV 18-00971 KG/SMV
*Kirven v. Curry County Detention Center,* CV 18-01061 JB/KK
*Kirven v. Stanfill,* CV 18-01204 WJ/GJF
*Kirven v. Curry County Detention Center,* CV 19-00078 RB/ACT
*Kirven v. CCS Solutions,* CV 19-00321 KG/SCY
*Kirven v. Santa Rosa Department of Corrections,* CV 19-00322 MV/KRS
*Kirven v. Curry County Detention Center,* CV 19-00324 JB/SMV
*Kirven v. Curry County Detention Center,* CV 20-00401 KWR/LF
*Kirven v. Curry County Detention Center,* CV 20-00568 WJ/LF

The majority of Kirven's cases have been dismissed for failure to state a claim on which relief can be granted or for failure to pay the mandatory court filing fees. Based on the Court's familiarity with Plaintiff Kirven's handwriting, it also appears that Kirven frequently ghost-writes frivolous and abusive filings for other incarcerated prisoners. *See, e.g., Arce v. Curry County Detention Center,* No. CV 19-00320 JB/GBW. This is yet another prison condition civil rights proceeding by Kirven. (Doc. 1). The filing fee for a § 1983 civil rights case is $400.00. Plaintiff did not pay the $400.00 filing fee but, instead, filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc.2).

Section 1915 of Title 28 governs *in forma pauperis* proceedings by prisoners. When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-

2

204 (2007). Those reforms included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff Loydale Kirven has had well in excess of three (3) prior cases dismissed on the grounds that they failed to state a claim upon which relief may be granted or were frivolous. *See Kirven v. Curry County Detention Center.,* No. CV 06-01212 JB/WDS; *Kirven v. McIlwain,* No. CV 07-00958; *Kirven v. Central New Mexico Correctional Facility,* No. CV 13-000217 MCA/SMV; *Kirven v. Sandoval,* No. CV 14-00209 LH/RHS; *Kirven v. Stanfill,* No. CV 18-01204 WJ/GJF. As Plaintiff Kirven has been advised multiple times, he may no longer proceed *in forma pauperis* in this Court unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). *See, e.g., Kirven v. CYFD*, CV 18-00971 KG/SMV (Doc. 4 at 2).

Neither Kirven's Complaint (Doc. 1) nor his Application to Proceed (Doc. 2) indicate that he is in any imminent danger of serious physical injury. To the contrary, although he bases his Complaint on the COVID-19 pandemic, he seeks an award of damages for alleged mental health injuries, not physical injuries. (Doc. 1 at 4-5). He paradoxically seeks damages for being exposed to other inmates and for being segregated from other inmates:

> ". . . that the sum of 100,000 be awarded to Plaintiff for every inmate he was exposed to and the sum of 200,000 be awarded for every day of segregation and the sum of 50,000 be awarded a day for mental health issues."

3

(Doc. 2 at 5). The Court denied Plaintiff leave to proceed pursuant to § 1915(g) and ordered Plaintiff to pay the full $400.00 filing fee within 30 days. (Doc. 3). The Court also warned Plaintiff that, if he did not pay the $400.00 filing fee within the thirty-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3).

The filing fee for a § 1983 proceeding is $400.00. Federal statutes mandatorily require this Court to collect the filing fee:

> "The clerk of each district court *shall require* the parties instituting any civil action or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . ."

28 U.S.C. § 1914(a) (emphasis added). The Court may permit a prisoner to proceed without prepayment of the fee, but only in compliance with the provisions of 28 U.S.C. § 1915. Plaintiff Kirven has accrued three strikes under § 1915(g), and the Court does not have discretion to allow a prisoner who has accrued three strikes to proceed without paying the filing fee. 28 U.S.C. § 1915(g). The language of § 1915(g) that "[i]n no event shall a prisoner bring a civil action" is non-discretionary and precludes this Court from allowing Plaintiff Kirven to proceed without paying the filing fee. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011); *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir.1998).

Plaintiff Kirven has not paid the filing fee for this case and has not shown cause why the case should not be dismissed based on his failure to comply with the statutes and the Court's order. Therefore, the Court will dismiss this proceeding without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with statutes, failure to comply with Court orders, and failure to prosecute the case. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003) (the court may dismiss an action under Rule 41(b) for failure to comply with the rules of procedure or court orders).

**IT IS ORDERED** that the Complaint for Violation of Civil Rights filed by Plaintiff Loydale Kirven on April 27, 2020 (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) and Judgment will be entered.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE