# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

      Plaintiff,

vs.                                                        No. 2:20-cv-00401-KWR-LF

WARDEN GALLEGOS, CAPT. WORNELL,
SGT. MACIAS, and OFC. HAYES,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** is before the Court on the Motion for Reconsideration filed by Plaintiff Loydale Kirven. (Doc. 7). The Court will deny the Motion for Reconsideration.

Plaintiff Loydale Kirven is a prisoner incarcerated at the Curry County Detention Center. Kirven filed his pro se prisoner's civil rights complaint in this case on April 27, 2020. (Doc. 1). Kirven did not pay the filing fee for this proceeding. Plaintiff Kirven has accrued three strikes under § 1915(g) and may not proceed *in forma pauperis*. *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011); *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir.1998). Therefore, Court denied Plaintiff Loydale Kirven leave to proceed *in forma pauperis* and, on May 17, 2020, ordered Kirven to pay the $400.00 filing fee within 30 days. (Doc. 3). Kirven did not pay the filing fee and, as a consequence, the Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with a Court Order and failure to prosecute. (Doc. 5, 6).

The Court's Memorandum Opinion and Order were entered on June 18, 2020. (Doc. 5, 6). Plaintiff Kirven filed his Motion for Reconsideration of the Court's dismissal on June 26, 2020. (Doc. 7). Because Kirven's Motion for Reconsideration was filed within twenty-eight days after

entry of Judgment, the Court will treat the Motion for Reconsideration as a timely motion to alter or amend judgment under Fed. R. Civ. P. 59(e).

Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff Kirven's Motion for Reconsideration does not address, in any way, the basis for the Court's dismissal due to Kirven's failure to pay the filing fee. Instead, Kirven seeks to justify his filing of numerous prior cases that have been dismissed on various grounds. *See* Doc. 7. Plaintiff Kirven does not contend that there has been an intervening change in the controlling law or that there is new evidence that was previously unavailable. *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 948. Nor does his Motion argue that the Court's dismissal of this case without prejudice for failure to pay the filing fee and to comply with a Court order constitutes clear error or causes manifest injustice. *Id.* Kirven presents no basis for the Court to reconsider its dismissal and the Court will deny his Motion for Reconsideration. *Van Skiver,* 952 F.2d at 1243; *Servants of Paraclete*, 204 F.3d at 1012.

**IT IS ORDERED** that the Motion for Reconsideration filed by Plaintiff Loydale Kirven (Doc. 7) is **DENIED**.

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**